1  LAWRENCE G. BROWN
   Acting United States Attorney
2  LUCILLE GONZALES MEIS
   Regional Chief Counsel, Region IX
3  Social Security Administration
   DONNA WADE ANDERSON, PSBN 46355
4  Special Assistant United States Attorney

5      333 Market Street, Suite 1500
       San Francisco, California 94105
6      Telephone: (415) 977-8930
       Facsimile: (415) 744-0134
7      E-Mail: donna.w.anderson@ssa.gov

8  Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HOWARD RIPLEY, | CIVIL NO. 2:95-CV-01375-GGH |
| Plaintiff, | STIPULATION AND ORDER OF DISMISSAL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by the undersigned for the respective parties, subject to the approval of the Court, that this action be dismissed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. On December 15, 1995, prior to the filing of an answer, the parties stipulated to remand this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) (CR 7). The parties stipulated to remand for evaluation under the Stipulation and Order of Settlement in Basso v. Chater, No. 94-2651 (N.D.Cal. November 14, 1995), a Ninth Circuit-wide class action in which the Social Security Administration agreed to reevaluate the eligibility of any individual then residing in the Ninth Circuit who received a determination from the agency that his eligibility for Supplemental Security Income benefits would be reduces, suspended or terminated on or after May 26, 1994 (or who

STIP. FOR DISMISSAL
No. 2:95-CV-01375-GGH                      1

had a live claim on that date) because the Agency determined that his plan for achieving self-support could not be extended beyond 48 months. The parties agreed that Plaintiff was a member of the Basso class.

The Supreme Court differentiated the two types of remands in Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L.Ed.2d 239 (1993). Sentence four remands end the litigation; sentence six remands do not. Sentence six of section 405(g) provides that the court retains jurisdiction over the matter during the pendency of remand proceedings. Shalala v. Schaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Here, however, the Court apparently closed the file. On remand, an administrative law judge issued a favorable decision. See Declaration of Paul D. Gould and exhibits. Thereafter, the Agency restored Plaintiff's benefits. Plaintiff died in 1999. See Declaration of Paul D. Gould.

There is no dispute as to the basis of the remand. Inasmuch as the purpose of the remand, i.e., remand for reconsideration of the termination of benefits, has been accomplished, Plaintiff's benefits were restored and Plaintiff has long since deceased, the parties agree that this matter should be dismissed. Each party shall bear its own costs.

Respectfully submitted,

Dated: March 19, 2009

LAWRENCE G. BROWN
Acting United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX

By */s/ Donna W. Anderson*
DONNA W. ANDERSON
Special Assistant United States Attorney
Attorneys for Defendant
U.S. Social Security Administration

DATED: March 19, 2009

By */s/ John V. Johnson*
JOHN V. JOHNSON
Attorney for Plaintiff
(As authorized via email)

/////

/////

/////

/////

STIP. FOR DISMISSAL
No. 2:95-CV-01375-GGH 2

1  PURSUANT TO STIPULATION, IT IS SO ORDERED:

3  DATED: March 25, 2009

/s/ Gregory G. Hollows

ripley.dism

GREGORY G. HOLLOWS
United States Magistrate Judge

STIP. FOR DISMISSAL
No. 2:95-CV-01375-GGH                                    3